# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROY DEONDRE NICHOLS,

        Plaintiff,                        Case Number: 5:09-CV-11811

v.                                       HON. JOHN CORBETT O'MEARA

MICHIGAN PAROLE BOARD, ET AL.,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

The plaintiff Roy Deondre Nichols has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Saginaw Correctional Facility in Saginaw, Michigan. He is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2),[1] because the plaintiff fails to state a claim upon which relief may be granted.

In his complaint, Plaintiff challenges the suspension of his parole. He argues that his incarceration was improperly extended twelve months based upon a dismissed felony charge.

A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging

---

[1]    28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> . . .
> (ii) fails to state a claim upon which relief may be granted . . .

a condition of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481, (1994), *citing* Preiser, 411 U.S. at 488-90 (1973). Consequently, a § 1983 action is barred when a state prisoner challenges the fact or duration of his confinement, and seeks either "immediate release from prison," or the "shortening" of his term of confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005); *quoting* Preiser, 411 U.S. at 482. Here, Plaintiff challenges the length of his incarceration and, therefore, § 1983 is not the appropriate remedy.

If Plaintiff wishes to assert the claims contained in the pending complaint, he must do so by filing a habeas corpus petition under 28 U.S.C. § 2254. The Court declines to construe Plaintiff's complaint as a habeas corpus petition because he does not allege that his claims are exhausted. *See Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001). Further, the Court declines to construe the complaint as a habeas corpus petition because Plaintiff may want to assert additional or different claims for relief in a habeas corpus petition than those contained in the complaint.

For the foregoing reasons, **IT IS ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted.

                                               s/John Corbett O'Meara
                                               United States District Judge

Date: May 29, 2009

   I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 29, 2009, by electronic and/or ordinary mail.

                <u>s/William Barkholz</u>
                Case Manager